IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIIV HEALTHCARE UK LTD. and VIIV HEALTHCARE CO., Plaintiffs, v. LUPIN LTD. and LUPIN PHARMACEUTICALS, INC., Defendants. | ) | C.A. No. 11-cv-00576-RMB-JS<br>JURY TRIAL DEMANDED |

**ANSWER, DEFENSES AND COUNTERCLAIMS OF**
**DEFENDANTS LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC.**

Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. ("LPI") (collectively, "Lupin") hereby answer the Complaint of Plaintiffs ViiV Healthcare UK Ltd. and ViiV Healthcare Co. (collectively "Plaintiffs")—for which every allegation not expressly admitted is denied—as follows:

**THE PARTIES**

1. Lupin is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies all such allegations.

2. Lupin is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies all such allegations.

3. Lupin admits that Lupin Ltd. is an Indian corporation located solely in India, and that Lupin Ltd. has a place of business at Laxmi Towers, 'B' Wing, Bandra Kurla Complex, Bandra (E), Mumbai 400 051, India. Lupin denies all remaining allegations of Paragraph 3.

4. Lupin admits that Lupin Ltd. develops and manufactures pharmaceutical products, including quality generic medicines. Lupin denies the remaining allegations of Paragraph 4.

5. Lupin admits that LPI is a Virginia corporation having a place of business at Harborplace Tower, 111 South Calvert Street, Baltimore, Maryland, 21202. Lupin further admits that LPI is a wholly-owned subsidiary of Lupin Ltd. Answering further, Lupin denies that LPI is a proper party to this action. Lupin denies the remaining allegations of Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies the allegations of Paragraph 6. Answering further, Lupin denies that LPI is a proper party to this action.

7. Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies the allegations of Paragraph 7. Answering further, Lupin denies that LPI is a proper party to this action.

8. Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies the allegations of Paragraph 8. Answering further, Lupin denies that LPI is a proper party to this action.

## THE NATURE OF THE ACTION

9. Paragraph 9 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the Complaint purports to allege infringement of United States Patent No. 6,471,191 ("the '191 patent"). Lupin denies all remaining allegations of paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 contains legal conclusions to which no answer is required. To the extent that an answer is required, Lupin admits that subject matter jurisdiction is proper only for

the claims directed solely against Lupin Limited under 35 U.S.C. § 271(e)(2)(A). Answering further, Lupin denies that subject matter jurisdiction is proper for any claims asserted against LPI, or for any claims asserted under 35 U.S.C. § 271(a), (b), or (c). Lupin denies all remaining allegations of Paragraph 10.

11. Paragraph 11 contains legal conclusions to which no answer is required. To the extent that an answer is required, Lupin denies the allegations of Paragraph 11. Answering further, to conserve the resources of the parties and the Court, and for the purposes of judicial efficiency, Lupin does not contest personal jurisdiction solely for the limited purposes of this action only. Answering further, Lupin denies that LPI is a proper party to this action.

12. Paragraph 12 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies the allegations of Paragraph 12. Answering further, to conserve the resources of the parties and the Court, and for the purposes of judicial efficiency, Lupin does not contest venue in this judicial district solely for the limited purposes of this action only.

## **THE PATENT**

13. Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that, according to the electronic records of the United States Patent and Trademark Office ("PTO"), the PTO issued the '191 patent, titled "SYNERGISTIC COMBINATIONS OF ZIDOVUDINE, 1592U89 AND 3TC," on July 9, 2002. Lupin specifically denies that the '191 patent was "duly and legally issued," and further denies all remaining allegations of Paragraph 13.

14. Paragraph 14 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that, the cover page of the '191 patent identifies "GlaxoSmithKline" as the purported "assignee"; and that what purports to be a copy of the '191

patent is attached to the Complaint as Exhibit A. Lupin is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 14, and therefore denies all remaining allegations.

## ACTS GIVING RISE TO THIS ACTION

15. Paragraph 15 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the electronic version of the U.S. Food and Drug Administration's ("FDA") publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as "the Orange Book"), identifies "VIIV HLTHCARE" as the purported "applicant" for New Drug Application ("NDA") No. 21-205, approved by FDA November 14, 2000, for TRIZIVIR (abacavir sulfate, lamivudine and zidovudine) Tablets 300 mg/150 mg/300 mg, and that the current FDA-approved labeling for TRIZIVIR (abacavir sulfate, lamivudine and zidovudine) Tablets 300 mg/150 mg/300 mg sets forth the purported approved indications and usage for that product. Lupin denies all remaining allegations of Paragraph 15.

16. Lupin admits that the electronic version of FDA's Orange Book lists the '191 patent in connection with New Drug Application ("NDA") No. 21-205 for Trizivir® Tablets. Lupin denies all remaining allegations of Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that Lupin Ltd. submitted an Abbreviated New Drug Application ("ANDA") to FDA for abacavir sulfate, lamivudine and zidovudine tablets, 300 mg/150 mg/300 mg. Lupin denies that LPI has submitted any such ANDA. Lupin denies the remaining allegations of Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that Lupin Ltd. submitted an ANDA to FDA for

abacavir sulfate, lamivudine and zidovudine tablets, 300 mg/150 mg/300 mg seeking approval before the expiration of the '191 patent. Lupin denies the remaining allegations of Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits: that Lupin Ltd. submitted an ANDA to FDA for abacavir sulfate, lamivudine and zidovudine tablets, 300 mg/150 mg/300 mg; that Lupin Ltd.'s ANDA contains a so-called "paragraph IV certification" stating that, in Lupin Ltd.'s opinion and to the best of its knowledge, the '191 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of the drug product described in Lupin Ltd.'s ANDA; that, in a letter dated May 18, 2011, Lupin Ltd. gave the requisite written notification ("Lupin Ltd.'s Notice Letter") of its ANDA and paragraph IV certification to, among others, ViiV Healthcare and ViiV Healthcare UK Limited; that Lupin Ltd.'s Notice Letter satisfies all statutory and regulatory requirements; and that ViiV claims to have received Lupin Ltd.'s Notice Letter on May 19, 2011. Lupin denies the remaining allegations of Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin denies all the allegations of Paragraph 20. Answering further, Lupin denies that LPI is a proper party to this action.

21. Denied

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

* * *

Lupin denies all remaining allegations not expressly admitted or responded to herein. Lupin further denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever. Lupin respectfully requests that the Court: (a) dismiss the Complaint with prejudice; (b) enter judgment in favor of Lupin; (c) award Lupin the reasonable attorneys' fees and costs of defending this action pursuant to 35 U.S.C. § 285; and (d) award Lupin such further relief as the Court deems just and appropriate.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer, without admitting allegations of the Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Plaintiffs, Lupin asserts the following separate defenses to the Complaint:

### First Defense

The manufacture, use, sale, offer for sale, or importation of the abacavir sulfate, lamivudine and zidovudine tablets, 300 mg/150 mg/300 mg, that is the subject of Lupin Ltd.'s ANDA has not infringed, does not infringe, and will not, if marketed, infringe, either directly or indirectly, any valid and/or enforceable claim of U.S. Patent No. 6,417,191 ("the '191 patent"), either literally or under the doctrine of equivalents.

### Second Defense

Lupin has not induced, does not induce, and will not induce, infringement of any valid and/or enforceable claim of the '191 patent.

### Third Defense

Lupin has not contributed, does not contribute, and will not contribute to, infringement of any valid and/or enforceable claim of the '191 patent.

**Fourth Defense**

The claims of the '191 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

**Fifth Defense**

The Court lacks subject matter jurisdiction over any and all claims directed toward Lupin Pharmaceuticals, Inc. ("LPI").

**Sixth Defense**

LPI is not a proper party to this suit.

**Seventh Defense**

The Court lacks subject matter jurisdiction over any and all claims arising pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

**Eighth Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Ninth Defense**

The Complaint fails to state a claim for willful infringement and/or an exceptional case.

**Tenth Defense**

Any additional defenses or counterclaims that discovery may reveal, including, but not limited to, defenses of unenforceability.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Lupin Limited ("Lupin Ltd.") asserts the following Counterclaims against Plaintiffs/Counterclaim-Defendants ViiV Healthcare UK Ltd. ("ViiV Ltd.") and ViiV Healthcare Co. ("ViiV Co."; collectively "ViiV"):

### The Parties

1. Lupin Limited is an Indian corporation located solely in India, having a place of business at Laxmi Towers, 'B' Wing, Bandra Kurla Complex, Bandra (East), Mumbai – 400 051, Maharashta, India.

2. ViiV Healthcare UK Ltd. purports to be a company organized and existing under the laws of England with its principal place of business at 980 Great West Road, Brentford Middlesex, TW89GS United Kingdom.

3. ViiV Healthcare Co. purports to be a company organized under the laws of the State of Delaware, with its principal place of business at Five Moor Drive, Research triangle Park, North Carolina 27709.

### Jurisdiction and Venue

4. These Counterclaims arise under, *inter alia*, the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

5. This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

6. This Court has personal jurisdiction over, and venue for this Counterclaim is proper in this District because, Plaintiffs/Counterclaim-Defendants ViiV have purposefully availed themselves of the rights and privileges of this forum by suing Lupin Ltd. in this District, and because Plaintiffs/Counterclaim-Defendants ViiV conduct substantial business in, and have regular and systematic contacts with, this District.

**Patent-In-Suit**

7. On or about July 9, 2002, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,417,191 ("the '191 patent"), entitled "Synergistic Combinations Of Zidovudine, 1592U89 and 3TC," to David Walter Barry and Martha Heider St. Clair. A true and correct copy of the '191 patent is attached hereto as Exhibit A.

8. Plaintiffs/Counterclaim-Defendants ViiV purport and claim to own and/or have the rights to enforce the '191 patent.

9. ViiV Co. has submitted information on the '191 patent to FDA for listing in the Orange Book in connection with Trizivir®, thus alleging and asserting that such patents "claim[] the drug for which the applicant submitted the application or which claims a method of using such drug and with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."

10. On or about June 29, 2011, Plaintiffs/Counterclaim-Defendants sued Lupin Ltd. in this District alleging infringement of the '191 patent.

**COUNT I**
**(Declaration of Non-Infringement of the '191 Patent)**

11. Lupin Ltd. realleges and incorporates by reference the allegations of Paragraphs 1-10.

12. A present, genuine, and justiciable controversy exists between Plaintiffs/Counterclaim-Defendants and Lupin Ltd. regarding, *inter alia*, the non-infringement of the '191 patent.

13. The manufacture, use, sale, offer for sale or importation of the abacavir sulfate, lamivudine and zidovudine tablets, 300 mg/150 mg/300 mg, that is the subject of Lupin Ltd.'s ANDA has not infringed, does not infringe, and would not, if marketed, infringe either directly or indirectly, any valid and enforceable claim of the '191 patent.

14. Lupin Ltd. is entitled to a declaration that the manufacture, use, sale, offer for sale or importation of the abacavir sulfate, lamivudine and zidovudine tablets, 300 mg/150 mg/300 mg, that is the subject of Lupin Ltd.'s ANDA, has not infringed, does not infringe, and would not, if marketed, infringe, either directly or indirectly, any valid and/or enforceable claim of the '191 patent.

**COUNT II**
**(Declaration of Invalidity of the '191 Patent)**

15. Lupin Ltd. realleges and incorporates by reference the allegations of Paragraphs 1-14.

16. A present, genuine, and justiciable controversy exists between Plaintiffs/Counterclaim-Defendants and Lupin Ltd. regarding, *inter alia*, the invalidity of the '191 patent.

17. The '191 patent is invalid under one or more provisions of 35 U.S.C. § 101 *et seq*.

18. Lupin Ltd. is entitled to a declaration that '191 patent is invalid.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant/Counterclaim-Plaintiff Lupin Ltd. respectfully requests that this Court enter a Judgment and Order in its favor and against

Plaintiffs/Counterclaim-Defendants ViiV Healthcare UK Ltd. and ViiV Healthcare Co. as follows:

(a) Declaring that the manufacture, use, sale, offer for sale or importation of the abacavir sulfate, lamivudine and zidovudine tablets, 300 mg/150 mg/300 mg, that is the subject of Lupin Ltd.'s ANDA, has not infringed, does not infringe, and will not, if marketed, infringe, either directly or indirectly, any valid and/or enforceable claim of the '191 patent;

(b) Declaring that the '191 patent is invalid;

(c) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Lupin Ltd. its attorney fees, costs, and expenses in this action; and

(d) Awarding Lupin Ltd. any further and additional relief as the Court deems just and proper.

**Jury Demand**

Lupin Ltd. and LPI hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,
**PHILLIPS, GOLDMAN & SPENCE, P.A.**

Dated: September 20, 2011

By: /s/ John C. Phillips, Jr.

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 N. Broom Street
Wilmington DE 19806
Tel: (302) 655-4200
jcp@pgslaw.com
mch@pgslaw.com

*Of Counsel*
William A. Rakoczy
Paul J. Molino
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: (312) 222-6301
Fax: (312) 222-6321
wrakoczy@rmmslegal.com

Counsel for Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc.