IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIIV HEALTHCARE UK LTD. and<br>VIIV HEALTHCARE CO.,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LTD. and,<br>LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | ) | C.A. No. 11-576-RMB-JS |

**PLAINTIFFS' ANSWER TO DEFENDANT LUPIN LTD.'S COUNTERCLAIMS**

For their Answer to the Counterclaims of Defendant Lupin Ltd., Plaintiffs and Counterclaim Defendants ViiV Healthcare UK Ltd. and ViiV Healthcare Co. (collectively "ViiV"), by their undersigned attorneys, state:

## I. AS TO THE ALLEGATIONS CAPTIONED "THE PARTIES"

1. Upon information and belief, ViiV states that Lupin Ltd. is an Indian corporation having a place of business at Laxmi Towers, 'B' Wing, Bandra Kurla Complex, Bandra (East), Mumbai 400 051, Maharashta, India, and denies the remaining allegations of counterclaim paragraph 1.

2. ViiV admits that ViiV Healthcare UK Ltd. is a company organized and existing under the laws of England and having an office and place of business at 980 Great West Road, Brentford, Middlesex, TW89GS, United Kingdom, and denies the remaining allegations of counterclaim paragraph 2.

3. ViiV admits that ViiV Healthcare Co. is a company organized under the laws of the State of Delaware and having a trading address at Five Moore Drive, Research Triangle Park, North Carolina 22709, and denies the remaining allegations of counterclaim paragraph 3.

## II. AS TO THE ALLEGATIONS CAPTIONED "JURISDICTION AND VENUE"

4. ViiV admits that Lupin Ltd. purports to state declaratory judgment counterclaims that arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*; 28 U.S.C. §§ 2201 and 2202; and the MMA (21 U.S.C. §355(j) and 35 U.S.C. § 271(e)(5)). Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 4, including that Lupin Ltd.'s counterclaims have any merit.

5. ViiV admits that Lupin Ltd. purports this Court has subject matter jurisdiction over the counterclaims regarding U.S. Patent No. 6,417,191 ("the '191 patent"), but denies that there is any legal or factual basis for its counterclaims. Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 5.

6. ViiV admits that it brought suit against Lupin Ltd., as well as Lupin Pharmaceuticals, Inc. (collectively "Lupin"), for infringement of the '191 patent in this District. ViiV does not contest personal jurisdiction or venue in this Court for purposes of this action. ViiV however denies that there is any legal or factual basis for any of Lupin Ltd.'s counterclaims. Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 6.

## III. AS TO THE ALLEGATIONS CAPTIONED "PATENT-IN-SUIT"

7. ViiV admits that the '191 patent was duly and legally issued on July 9, 2002. ViiV further admits that the title of the '191 patent is "Synergistic Combinations of Zidovudine, 1592U89, and 3TC" and the inventors of the '191 patent are David Walter Berry and Martha

Heider St. Clair. Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 7.

8. ViiV admits that it is the owner of the entire right, title, and interest in the '191 patent and has the right to sue and recover for any infringement of that patent, including Lupin's infringement of the '191 patent. Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 8.

9. ViiV admits that, in accordance with applicable law, the '191 patent is listed in the U.S. Food and Drug Administration's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") for Trizivir®. Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 9.

10. ViiV admits that ViiV filed this patent infringement action against Lupin Ltd. and Lupin Pharmaceuticals, Inc. on June 29, 2011 in this District. ViiV further admits that its Complaint alleges that Lupin Ltd.'s and Lupin Pharmaceuticals, Inc.'s submission of ANDA No. 202-912 to the FDA, including the allegations under § 505(j)(2)(A)(vii)(IV), constitutes infringement of the '191 patent under 35 U.S.C. § 271(e)(2)(A). Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 10.

## IV. AS TO THE ALLEGATIONS CAPTIONED "COUNT I (DECLARATION OF NON-INFRINGEMENT OF THE '191 PATENT)"

11. ViiV restates and incorporates by reference its responses to each of the foregoing counterclaim paragraphs as if fully set forth herein.

12. ViiV admits that Lupin, by infringing the '191 patent, has created a present, genuine, and justiciable controversy between Lupin and ViiV regarding that infringement. Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 12.

13. Denied.

14. Denied.

## V. AS TO THE ALLEGATIONS CAPTIONED "COUNT II (DECLARATION OF INVALIDITY OF THE '191 PATENT)"

15. ViiV restates and incorporates by reference its responses to each of the foregoing counterclaim paragraphs as if fully set forth herein.

16. ViiV admits that Lupin, by infringing the '191 patent, has created a present, genuine, and justiciable controversy between Lupin and ViiV regarding that infringement. ViiV, however, denies that a present and justiciable controversy exists between Lupin and ViiV with respect to the validity of the '191 patent. Except as so admitted, ViiV denies the remaining allegations of counterclaim paragraph 16.

17. Denied.

18. Denied.

## VI. AS TO THE ALLEGATIONS CAPTIONED "REQUEST FOR RELIEF"

The remainder of Lupin Ltd.'s Counterclaims comprises a request for relief to which no response is required. To the extent any response is required, ViiV denies that Lupin Ltd. is entitled to any remedy or relief whatsoever on its claims against ViiV, either as requested or otherwise. ViiV further denies each and every allegation contained in Lupin Ltd.'s Counterclaims that was not specifically admitted, denied, or otherwise responded to in this Answer.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and Counterclaim Defendants ViiV respectfully request the following relief:

A. That Lupin Ltd.'s Counterclaims be dismissed with prejudice;

B. That ViiV be awarded the relief sought in its Complaint; and

C. That ViiV be awarded such further relief as the Court deems just and proper, including any appropriate relief under 35 U.S.C. § 285.

Respectfully submitted,

Dated: October 11, 2011

FARNAN LLP

/s/ Brian E. Farnan

Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 770-0300
bfarnan@farnanlaw.com

*Attorneys for ViiV Healthcare UK Ltd. and ViiV Healthcare Co.*

*Of Counsel:*

F. Christopher Mizzo
Charles A. Fernández
Craig T. Murray
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200