IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE UK LTD. and VIIV HEALTHCARE CO., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LTD. and LUPIN PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 11-cv-00576-RGA |
| VIIV HEALTHCARE UK LTD. and VIIV HEALTHCARE CO., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | C.A. No. 11-cv-00688-RGA |

**AMENDED SCHEDULING ORDER**

This 14th day of May, 2012, the Court having conducted a status conference with the parties on April 19, 2012, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.  <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **August 3, 2012.**

2.  <u>Discovery</u>.

    a.  <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **September 28, 2012.**

b. <u>Document Production</u>. Document production shall be substantially complete by **June 29, 2012**.

c. <u>Requests for Admission</u>. The parties agree that no deviation from the Federal Rules of Civil Procedure is necessary with regard to requests for admission.

d. <u>Interrogatories</u>. Plaintiffs collectively and Defendants collectively will be limited to a total of 40 interrogatories. Defendants collectively will share up to 10 common interrogatories directed to Plaintiffs and may each direct up to 15 interrogatories individually to Plaintiffs. Plaintiffs will have up to 10 common interrogatories to be directed to both Defendants and up to 15 interrogatories to be directed to each of Lupin and Teva.

e. <u>Depositions</u>. Plaintiffs may take up to a total of 15 fact depositions and Defendants collectively may take up to a total of 15 fact depositions.

i <u>Limitations on Hours for Deposition Discovery</u>.

(1) ViiV believes that all depositions should be limited to 7 hours as provided by Fed. R. Civ. P. 30(d)(1). ViiV believes there is no legitimate reason to deviate from that rule and Defendants have not provided one. Further, ViiV believes there is no legitimate reason to provide a blanket rule that depositions pursuant to Fed. R. Civ. P. 30(b)(6) should count as a single fact deposition regardless of the number of topics involved and burdens imposed. Moreover, ViiV contends that both issues are premature as defendants have not served a single deposition notice, including a 30(b)(6) notice, have not represented how many total topics they will include in such 30(b)(6) notice(s), or represented that all topics in such 30(b)(6) notice(s) will be related and can be testified on by a single witness.

(2) Defendants believe that where both Defendants are taking a deposition, such deposition shall be extended to 12 hours [*but no more than seven (7) hours in a single day, absent agreement of the parties. RGA*]. Defendants further understand that the 15 fact depositions is based on each 30(b)(6) deposition being counted as a single deposition, regardless of the number of witnesses tendered.

    ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. The parties intend to work together in good faith to a reasonable agreement with respect to location of depositions. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

3. <u>Claim Construction Issue Identification</u>. On or before **May 18, 2012**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **June 1, 2012**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

4. <u>Claim Construction Briefing</u>. Plaintiffs shall serve, but not file, their opening briefs, not to exceed 20 pages, on **June 22, 2012**. Defendants shall serve, but not file, their answering briefs, not to exceed 30 pages, on **July 13, 2012**. Plaintiffs shall serve, but not file, their reply briefs, not to exceed 20 pages, on **July 27, 2012**. Defendants shall serve, but not file, their sur-reply briefs, not to exceed 10 pages, on **August 10, 2012**. No later than **August 17, 2012**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

III. [TERM 1]

    1. Plaintiffs' Opening Positions
    2. Defendants' Answering Positions
    3. Plaintiffs' Reply Positions
    4. Defendants' Sur-Reply Positions

IV. [TERM 2]

    1. Plaintiffs' Opening Positions
    2. Defendants' Answering Positions
    3. Plaintiffs' Reply Positions
    4. Defendants' Sur-Reply Positions

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    5. <u>Hearing on Claim Construction</u>. The Court will hear argument on claim construction, at its convenience, ~~during the week of~~ September ~~10~~ 14 @ 1:30 pm, 2012. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

    6. <u>Disclosure of Expert Testimony</u>.

        a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 19, 2012.** The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **November 30, 2012.** Reply expert reports

from the party with the initial burden of proof are due on or before **January 11, 2013**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **February 15, 2013**.

      b.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      7.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **February 26, 2013**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

      8.    <u>Status Conference</u>. The Court will conduct an in-person status conference, at its convenience, ~~during the week of~~ @ 10:00 AM **March 4, 2013** to discuss whether the cases should be consolidated through trial.

      9.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      10.    <u>Pretrial Conference</u>. On **May 17, 2013**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **10 am**. The parties shall file a joint

proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference.

    a.    <u>Exchange of Exhibits and Draft Pretrial Order.</u>



    i.    ViiV proposes that in preparation for the final pretrial conference, the parties exchange lists of direct exhibits and deposition designations on March 22, 2013. The parties will then exchange rebuttal exhibits and deposition counter-designations on April 12, 2013. As provided by D. Del. LR 16.3(d), Plaintiffs shall provide Defendants with a draft pretrial order with trial exhibits on April 12, 2013 and Defendants shall provide Plaintiffs with responses to Plaintiffs' draft pretrial order on April 30, 2013. The parties shall thereafter meet and confer in good faith such that Plaintiffs may file the pretrial order in compliance with this Order.[1]

    ii.    **Defendants propose that, consistent with the Court's form scheduling order, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. Defendants believe that it is premature at this time to set dates for the exchange of lists of direct exhibits and deposition designations. Such dates can be determined at the close of discovery.**

11.    <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one

---

[1] In the event validity of the patent-in-suit is the only issue that remains for trial, Defendants shall take the lead role for purposes of circulating and filing the proposed pretrial order.

additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12. <u>Trial</u>. This matter is scheduled for a ~~___~~ TBA day bench trial beginning at 9:30 a.m. on **June 24, 2013**, with the subsequent trial days beginning at 9:30 a.m.[2] The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[2] To the extent the consolidated cases are not to be tried together or serially, the Court has reserved August 23 at 4 pm for the Final Pretrial Conference and the week of September 23, 2013 for the trial for Civil Action No. 11-cv-688-RGA.

8