

June 20, 2013

**Via E-Filing**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9
Room 2325
Wilmington, DE 19801-3555

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER CONTAINS HIGHLY CONFIDENTIAL MATERIAL**

Re:   **ViiV Healthcare UK Ltd., et al. v. Lupin Ltd., et al.
(C.A. No. 11-cv-576-RGA) (Consolidated)**

Dear Judge Andrews:

This letter responds to the Court's June 18, 2013 Memorandum Order (D.I. 182) directing the parties to address any appropriate Rule 403 considerations relating to ViiV's designation of portions of Dr. Hausman's deposition testimony, and in particular whether Dr. Hausman's testimony varies significantly from Mr. McSorley's. On that latter point, as explained below and shown in the attached chart (Ex. A), the designated portions of Dr. Hausman's testimony vary significantly from Mr. McSorley's. Also attached, per the Court's instructions, is a list of ViiV's designations and Teva's counter-designations (Ex. B), and a highlighted transcript showing ViiV's designations in yellow and Teva's in blue. (Ex. C).

The considerations of Rule 403 strongly favor admitting ViiV's designations. Dr. Hausman's designated testimony is probative of nonobviousness of the ViiV patent as it tends to show commercial success. In an effort to streamline trial, ViiV has pared back its designations of Dr. Hausman's testimony to approximately five-and-a-half minutes, limited to the testimony most relevant to commercial success and most different from Mr. McSorley'. Thus, the testimony is not cumulative, and any concerns of delay or wasted time are *de minimis* at best.

As the Court's Order notes and as Defendants no longer dispute, testimony such as Dr. Hausman's is admissible under circumstances similar to this case. As with any other relevant, admissible evidence, the Court has discretion under Rule 403 to admit or exclude it. Rule 401 defines relevant evidence broadly, and Rule 402 provides that relevant evidence is presumptively admissible. Rule 403 permits the Court to "exclude relevant evidence *if* its probative value is ***substantially outweighed*** by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In *Teva Pharmaceuticals USA, Inc. v. Abbott Labs.*, 2008 WL 4809116, at *1 (D. Del. Nov. 5, 2008), Judge Robinson listed four factors that "should be considered" "in conducting the Rule 403 analysis." Each is addressed in turn.

1.   **Differences between permissible scope of deposition questions and trial evidence**

"Relevant information" in discovery "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

HIGHLY CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

26(b)(1). "Relevant evidence" at trial, however, is that which has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. That distinction is not implicated here. Dr. Hausman's testimony is relevant substantive evidence of the commercial success of one of the claimed inventions in the '191 patent. The designated testimony is thus relevant and admissible in its own right, and not merely evidence that may lead to other admissible evidence.

2. **The need to pare cases down and limit marginally relevant evidence in timed trials**

ViiV has pared its designations of Dr. Hausman's testimony to approximately five-and-a-half minutes. ViiV's designations focus on the aspects of Dr. Hausman's testimony most directly relevant to commercial success and most directly at variance with Mr. McSorley's testimony.

The need to designate certain portions of Dr. Hausman's testimony is due to Teva's unwillingness to narrow the issues for trial. Teva admits that "Dr. Hausman *does not disagree* with the factual sales numbers cited by Dr. Grabowski in his report." D.I. 181 at 2. Yet, in the Statement of Undisputed Facts for the Pretrial Order, Teva refused to stipulate to the uncontested sales numbers.[1] *See* D.I. 178, Ex. 2 at 9, 15-16 ¶¶ 110-112 (identifying facts that should not be in dispute).

3. **Whether the proffered testimony is cumulative of other testimony**

Dr. Hausman's testimony is not cumulative of the testimony of ViiV's own commercial success expert, Dr. Grabowski. Rather, Dr. Hausman's testimony goes to undermine the opinions of Mr. McSorley, Defendants' commercial success expert, whom Defendants intend to call at trial. For example, Dr. Hausman and Mr. McSorley do not agree as to the following five points: (1) whether $3 billion in sales of Epzicom is considered substantial; (2) whether Epzicom had a large number of prescriptions filled; (3) whether Dr. Grabowski evaluated commercial success using the appropriate market; (4) whether marketing and promotional activities drive the sales of Epzicom; and (5) whether there was sharing of proprietary compounds in the early to mid 1990s. Those points are illustrated in side-by-side comparison of Hausman's and McSorley's testimony in the attached Exhibit A.

4. **Whether the retaining party (Teva) identified multiple experts without a realistic need to call all of them and put its opponent (ViiV) to an unreasonable burden of deposing and rebutting the testimony of numerous extraneous experts**

ViiV does not contend that Teva abused the discovery process by designating extraneous experts that it never had any intention of bringing to trial. Nonetheless, ViiV notes for the Court's consideration that Defendants disclosed two experts on commercial success; ViiV expended significant resources to review their opinions and take their depositions; and the overlap between the issues covered by Hausman's and McSorley's opinions that Teva now cites should have been as apparent to Teva before as it is now.

---

[1] Likewise, Mr. McSorley found no error in Dr. Grabowski's arithmetic concerning the sales or prescription numbers for Trizivir and Epzicom. Inexplicably, Defendants refused to stipulate to these facts in the Pretrial Order, and thus apparently have no intention of streamlining the trial.

**HIGHLY CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

For the foregoing reasons, ViiV respectfully submits that the considerations of Rule 403 counsel strongly in favor of admitting ViiV's designated testimony of Dr. Hausman.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan (Bar No. 4089)

cc: Counsel of Record (via e-mail)