**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VIIV HEALTHCARE UK LTD. and VIIV HEALTHCARE CO., <br>               Plaintiffs, <br>     v. <br> LUPIN LTD., et al. <br>               Defendants. | C.A. No. 11-cv-576-RGA <br> (CONSOLIDATED) |

## PLAINTIFFS' OPPOSITION TO LUPIN DEFENDANTS' RULE 52(c) MOTION FOR JUDGMENT ON PARTIAL FINDINGS OF NO INFRINGEMENT

*Of Counsel:*

F. Christopher Mizzo
William H. Burgess
Charles A. Fernández
Craig T. Murray
Hugham Chan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 879-5000

Tiffany P. Cunningham
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(302) 862-2000

July 5, 2013

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market St.
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

*Attorney for ViiV Healthcare UK Ltd. and ViiV Healthcare Co.*

After ViiV rested its infringement case, Lupin made an oral motion for judgment on partial findings (Fed. R. Civ. P. 52(c)) of noninfringement (Tr. 242:11-243:6), and filed a written motion later that afternoon. (D.I. 187). Lupin's motion makes four arguments: (I) that its generic product does not contain the claimed abacavir, (II) that it is entitled to judgment that it does not *directl*y infringe the asserted *method* claims, (III) that it does not *indirectly* infringe the asserted method claims, and (IV) that it is entitled to judgment of noninfringement of the claims listed in the final pretrial order but withdrawn before trial and not asserted at trial.

Lupin's first and third arguments concern whether ViiV met its burden of proof at trial. Those arguments are incorrect as shown directly and comprehensively in Plaintiffs' Opening Post-Trial Brief On Infringement, filed July 5, 2013. For the reasons stated in that brief, which need not be repeated verbatim here, the Court should reject those arguments on their merits.

Lupin's second and fourth arguments, however, warrant a brief separate response, and should be rejected for the following reasons.

## I.     ViiV Does Not Contend That Lupin *Directly* Infringes Any Method Claims (Section II of Lupin's Motion)

Rule 52(c) refers to claims and defenses, not particular theories of liability. The rule provides for the entry of judgment "on a claim or defense that … can be maintained or defeated only with a favorable finding on that issue." ViiV's claims for infringement of *method* claims depend on a theory that Lupin *indirectly* infringes the '191 patent, and not on Lupin *directly* practicing the claimed methods under 35 U.SC. § 271(a). ViiV addresses Lupin's indirect infringement in its post-trial brief. There is thus no basis to enter judgment in Lupin's favor on the method claims.

## II. Lupin Is Not Entitled to Judgment on Withdrawn Claims (Section IV of Lupin's Motion)

In the interest of streamlining issues for trial, ViiV withdrew claims 20, 32, 44 and 45 on June 17, and continues to assert related dependent claims. As to the dependent claims asserted at trial, ViiV continues to assert that all elements of the underlying independent claims are met, but is only seeking relief from the Court on the basis of specific dependent claims. Lupin asks the Court to penalize ViiV for narrowing its case for trial on the grounds that ViiV "did not move to amend the FPTO to *formally* withdraw these claims, stipulate to non-infringement, provide a covenant-not-to-sue or otherwise attempt to divest the Court of jurisdiction." (D.I 187 at 4 (emphasis added)). Lupin cites no authority that such formality is required, and precedent holds that it is not.

As a legal matter, a patentee's decision not to pursue certain claims generally eliminates any case or controversy as to the withdrawn claims and divests the court of jurisdiction as to the withdrawn claims. *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1281-82 (Fed. Cir. 2012) (citing cases), *cert. denied*, 132 S. Ct. 2442 (2012); *Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1307 (Fed. Cir. 2012), *cert. pet. filed*, (U.S. May 21, 2013) (No. 12-1378); *Jervis B. Webb Co. v. S. Sys., Inc.*, 742 F.2d 1388, 1398 (Fed. Cir. 1984). The patentee need not move for formal dismissal, so long as the defendant is on notice of which claims are at issue. Here, ViiV withdrew four claims before trial, reducing the number of asserted claims to ten. June 17, 2013 ViiV Letter to Defendants (Ex. 1). Defendants acknowledged at the June 20 pretrial conference that ViiV had withdrawn those claims. (June 20, 2013 Hrg. Tr. 10:15-24 (As evident from context, Mr. Levy for Teva, not Mr. Mizzo, referred to the withdrawn claims and its decision to drop its anticipation argument.)). And ViiV again reiterated that it only asserted ten claims against Lupin during its opening statement at trial. (Tr. 15:8-21). Notably, while Lupin

had asserted a declaratory judgment counterclaim of non-infringement, at no point during trial did Lupin offer any affirmative proofs of non-infringement on any of the four dropped claims. On the contrary, it limited its non-infringement argument regarding abacavir to the asserted claims. (*See, e.g.*, Tr. 264:4-15 (offering an opinion only as to the asserted claims)). Where, as here, the defendant is on notice in advance of trial that a plaintiff is no longer asserting a particular claim, there is no case or controversy with respect to the unasserted claims, and the court has no jurisdiction to enter judgment as to infringement or validity of the withdrawn claims. *Streck*, 665 F.3d at 1284 (reversing summary judgment order as to withdrawn claims); *Fox Group*, 700 F.3d at 1308 (same); *VirnetX Inc. v. Apple Inc.*, ___ F. Supp. 2d ___, 2013 WL 692652, at *25 (E.D. Tex. Feb. 26, 2013) (citing *Jervis B. Webb* and *Streck*).

As a practical matter, patentees and defendants frequently narrow their infringement and invalidity claims in good faith to streamline trial, and there is no basis for penalizing that practice. The court in *VirnetX* confronted a similar situation—where claims were withdrawn but not formally dismissed, and rejected a similar argument. 2013 WL 692652, at *25 ("The Court cannot and will not enter judgment upon claims and defenses that were not presented for consideration to the jury. There is no basis to enter such a judgment, no more than there is a basis to enter judgment of non-infringement for [defendant] as to [plaintiff's] unasserted claims."). In addition to the jurisdictional reasons noted above, the court added that it "encourages and requires the parties to narrow their case for trial. Accordingly, the Court will not penalize such attempts to narrow issues by entering judgment on issues not presented at trial." *Id.* The Court should similarly decline to penalize ViiV here.

Lupin's motion should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
| July 5, 2013 | /s/ Brian E. Farnan |
|  | Brian E. Farnan (Bar No. 4089)<br>FARNAN LLP<br>919 North Market St.<br>12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com |
|  | F. Christopher Mizzo (admitted *pro hac vice*)<br>William H. Burgess (admitted *pro hac vice*)<br>Charles A. Fernández (admitted *pro hac vice*)<br>Craig T. Murray (admitted *pro hac vice*)<br>Hugham Chan (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C.  20005<br>(202) 879-5000 |
|  | Tiffany P. Cunningham (admitted pro hac vice)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>(302) 862-2000 |
|  | *Attorneys for ViiV Healthcare UK Ltd. and ViiV Healthcare Co.* |