# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VIIV HEALTHCARE UK LTD. and
VIIV HEALTHCARE CO.,

                Plaintiffs,

      v.

LUPIN LTD., et al.

                Defendants.

C.A. No. 11-cv-00576-RGA
(CONSOLIDATED)

## PLAINTIFFS' MOTION TO SANCTION DEFENDANTS FOR EXCEEDING SCOPE OF EXPERT REPORTS

*Of Counsel:*

F. Christopher Mizzo
William H. Burgess
Charles A. Fernández
Craig T. Murray
Hugham Chan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 879-5000

Tiffany P. Cunningham
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(302) 862-2000

July 12, 2013

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market St.
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

*Attorney for ViiV Healthcare UK Ltd. and ViiV Healthcare Co.*

As ViiV noted in its objections at trial, Defendants' validity experts Drs. Parniak, Laurence, and Arnold testified about allegedly obvious combinations of prior art references that were not identified in their expert reports, in violation of Fed. R. Civ. P. 26(a) and the Court's pretrial rulings.  Defendants' experts identified specific combinations in their reports or, in the case of Dr. Arnold, none at all, yet presented other, undisclosed allegedly obvious combinations to the Court at trial.  Defendants' post-trial briefs now attempt to rely on these references and improper testimony to prop up their obviousness defenses.  Both precedent and this Court's earlier rulings forbid this practice.  ViiV thus respectfully requests that the Court (1) strike from the record the improper expert testimony and undisclosed combinations and not rely upon them in post-trial deliberations, and (2) order a new trial on validity at Defendants' expense should the Court not resolve the case in ViiV's favor.

## BACKGROUND

Defendants' expert reports cited numerous references as "background" and listed hundreds of documents "considered," but, in the case of Drs. Parniak and Laurence, they ultimately specified certain allegedly obvious combinations of prior art references.  Dr. Arnold did not identify any combinations.  As ViiV documented in its *Motion in Limine* No. 1, Defendants' sections of the Pretrial Order attempted to expand combinations beyond their experts' reports:  Teva cited ***twenty-eight*** references, and Lupin cited over ***ninety-seven***.  D.I. 179, Ex. 12, ViiV MIL 1 at 2-3 (documenting discrepancies); *id.* at Pls.' Exs. A-C (same).  At the June 13, 2013 pretrial conference, the Court made clear that Defendants could not rely on prior art references not disclosed as part of an allegedly obvious combination:  "If I find something in there saying, here are 27 references.  It's some combination of these that makes it obvious. Well, if that's what the report says, that's not good enough.  But I don't know what the

report says." June 13, 2013 Tr. 46:11-16. The Court explained that "Judge Robinson's policy" would apply at trial, and thus parties whose experts testify beyond the scope of their reports risk assuming the costs of a new trial. *Id.* at 44:22-45:20. The Court ordered that "Defense witnesses cannot testify about obviousness combinations that have not been disclosed in their reports." D.I. 183 at 1-2.

At trial, both Teva and Lupin presented testimony from their experts (Dr. Parniak, for Teva, and Drs. Laurence and Arnold, for Lupin) regarding combinations of references not disclosed in their reports and ViiV timely objected. Tr. 569:9-570:8, 572:13-573:7, 574:15-575:2, 577:10-17, 585:9-12, 592:1-2 (Parniak); *id.* 696:8-12, 697:10-19, 698:4-12 (Laurence); *id.* 832:18-833:4 (Arnold). In response to ViiV's objections regarding Drs. Parniak and Laurence, Defendants generally identified numerous paragraphs of their expert reports that either made no mention at all of the references at issue or merely cited the references for background. Tr. 571:2-572:9 (Parniak); *id.* 697:2-8 (Laurence). Defendants' post-trial briefs on validity now attempt to rely on that improper testimony and those undisclosed combinations.

## DISCUSSION

The "Judge Robinson policy" referenced by the Court at the pretrial conference forbids experts from testifying at trial beyond the scope of their reports and holds parties presenting such testimony responsible for the costs of a new trial. J. Robinson, *Guidelines for Civil Trials*, at 3, July 12, 2011[1]; *see also Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 566 , 566 n.8 (D. Del. 2011) (Robinson, J.) (ordering partial new trial); *McMillan v. Weeks Marine, Inc.*, 478 F. Supp. 2d 651, 659-60 (D. Del. 2007) (Farnan, J.) (ordering new trial). That policy is grounded in the Federal Rules, which instruct testifying experts to disclose "a complete

---

[1]    http://www.ded.uscourts.gov/sites/default/files/Chambers/SLR/Misc/Guidelines-Civil_Trial_07-12-11.pdf.

statement of all opinions the witness will express and the basis and reasons for them," Fed. R.

Civ. P. 26(a)(2)(B)(i), and forbid parties from using information not so disclosed. *See* Fed. R.

Civ. P. 37(c)(1). With respect to the defense of obviousness, this Court and others consistently

require disclosure of allegedly obvious combinations before trial, and require expert trial

testimony to remain within the bounds of pretrial disclosures. *See, e.g.*, *Belden*, 802 F. Supp. 2d

at 566, 566 n.8; *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-CV-104, 2009 WL 593836, at

*4 (E.D. Tex. Mar. 6, 2009) (requiring pretrial disclosure of specific combinations: "To permit a

party to list, for example, nine prior art references, and allow an expert to tell a jury that some

combination of two or more of them is what makes a claim invalid is gamesmanship of the

highest order."), *aff'd* 600 F.3d 1357 (Fed. Cir. 2010). In this case, Lupin and Teva ran afoul of

Rules 26 and 37 and this Court's rulings, by presenting expert testimony on allegedly obvious

combinations not disclosed in their experts' reports.

## I.     Dr. Parniak's Trial Testimony Exceeded His Reports

**Reports.** Dr. Parniak's expert reports offered two specific combinations of references

that would render the asserted claims against Teva obvious: "(1) AIDS Alert 1995 . . . , Du 1992,

and Daluge 1994; and (2) New AIDS Therapy 1994 and Hart 1992." Ex. A, Parniak Rpt. ¶ 353.

**Trial Testimony.** ViiV objected when Teva offered testimony from Dr. Parniak about

several references not disclosed as combinations in his reports. Tr. 569:9-570:8. In response,

Teva identified numerous paragraphs from Dr. Parniak's reports that made no mention of the

references or merely cited them for background. *Id.* 571:2-572:9. ViiV cited ¶ 353 from Dr.

Parniak's opening expert report as identifying "two specific sets of combinations." *Id.* 572:10-

573:7. The Court indicated, "I'm going to let you go ahead, but from the way you're describing

it, I think [ViiV] has a better argument." *Id.* 573:20-22. As a result, Teva attempted to limit Dr.

Parniak's testimony to the five references that make up the two combinations above. *Id.* 575:16-

577:12; *see also id.* 583:2-4 (summarizing previous testimony as pertaining to ¶ 353 of expert report). But in doing so, Teva exceeded the scope of his reports in two ways. *First*, Dr. Paniak's testimony treated the two ***separate and distinct*** combinations as a single, larger combination of five references. *Id.* 577:6-578:4. ***Second***, Dr Parniak expressly added references which were not a part of his original combinations. Those undisclosed references were Coates 1992 (TTX 56, Tr. 577:6-12, 581:17-21, 635:24-636:10), and Schinazi 1995 (TTX 224, Tr. 579:20-22). *See* Tr. 578:13-583:1 (offering opinions on this improper, seven-reference combination). Dr. Parniak then continued to exceed the scope of his expert reports. With regard to combination (1) above, he added and relied on Schinazi 1993 (TTX 225) and DeNoon 1995 (TTX 71). Tr. 590:23-591:15. With regard to combination (2) above, he added and relied on WO '159 (TTX 201, Tr. 583:20-584:4), Schinazi 1995 (TTX 224, Tr. 583:20-584:4), and Tisdale 1994 (TTX 265, Tr. 584:5-20). Teva's opening validity brief confirms Dr. Parniak exceeded the scope of his reports as it identifies and relies on Dr. Parniak's testimony for two combinations: one comprised of seven references and the other comprised of five references—neither of these two large sets of references was in his expert reports. *Compare* D.I. 205 at 22, *with* Ex. A. Simply put, Teva's expert far exceeded the scope of his reports.

## II.    Dr. Laurence's Trial Testimony Exceeded His Reports

**Reports.**    In Dr. Laurence's two expert reports, he only offered the following combinations of references that would allegedly render the asserted claims against Lupin obvious: "(a) any of EP '917, WO '021, Cammack Abstract, Mathez, SCRIP, Staszewski Abstract and/or the St. Clair/Lewis Abstracts; with (b) any of the '394 patent, Daluge 1994, Tisdale 1994 and/or SCRIP." Ex. B, Laurence Rpt. ¶ 196.

**Trial Testimony.**    ViiV objected when Lupin offered testimony from Dr. Laurence about references—AIDS Weekly 1995 (TTX 17) and DeNoon 1995 (TTX 71)—that were not

disclosed as part of his two allegedly obvious combinations. Tr. 696:8-698:12. Lupin conceded that the references were not a part of the specific combinations of references in Dr. Laurence's reports. *Id.* 697:7-8, 698:4-12. Dr. Laurence nonetheless testified about TTX 17 and TTX 71. *Id.* 682:17-691:5, 698:15-700:15. Lupin's opening validity brief confirms Dr. Laurence exceeded the scope of his reports by relying on his testimony about TTX 17 and TTX 71 to support its alleged combinations. *Compare* D.I. 202 at 5-6, 10 n.8 (identifying these references as "highly relevant"), *with* Ex. B.

### III.   Dr. Arnold's Trial Testimony Exceeded His Reports

**Reports.** Neither of Dr. Arnold's two expert reports offers ***any*** specific combinations of references alleged to render any claims obvious.

**Trial Testimony.** ViiV objected when Dr. Arnold began testifying at trial about the St. Clair abstract (LTX 1484), and how it would have allegedly been logical to replace ddI with ABC in the combination of AZT+3TC+ddI. Tr. 832:18-833:17. Dr. Arnold has never identified LTX 1484 as part of any combination of references. *See* June 13, 2013 Tr. 45:23-46:9 ("If their reports don't make [the combinations] clear, then their person is going beyond the scope."). Lupin's opening validity brief confirms Dr. Arnold exceeded the scope of his reports by relying on his testimony about LTX 1484 to support its alleged combinations. D.I. 202 at 10 n.8, 14-16.

### CONCLUSION

For the reasons set forth above, ViiV respectfully requests that the Court strike Drs. Parniak's, Laurence's, and Arnold's improper testimony and undisclosed combinations from the record, and not consider them in post-trial deliberations. Moreover, if the Court does not resolve the merits in ViiV's favor, ViiV asks that the Court order a new trial on validity at Defendants' expense.

July 12, 2013

Respectfully submitted,

/s/ Brian E. Farnan

*Of Counsel:*

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market St.
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

F. Christopher Mizzo
William H. Burgess
Charles A. Fernández
Craig T. Murray
Hugham Chan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

*Attorney for ViiV Healthcare UK Ltd. and
ViiV Healthcare Co.*

Tiffany P. Cunningham
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(302) 862-2000