IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE UK LTD. AND VIIV HEALTHCARE CO., : <br> : <br> Plaintiffs, : <br> v.   : <br> : <br> LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC., : <br> TEVA PHARMACEUTICALS, INC., : <br> : <br> Defendants. : | C.A. 11-576-RGA (CONSOLIDATED) |

## MEMORANDUM

The Court issued an opinion on December 17, 2013. (D.I. 257). The Court requested the parties agree to a form of final judgment. The parties were unable to do so. This Memorandum is to explain its resolution of the issues the parties disputed in their letters. (D.I. 262, 265, 267, 268).

**ViiV v. Lupin:** 1. This is an ANDA case. Plaintiffs have not waived any right to a jury trial, as this case only concerned issues to which Plaintiffs had no right to a jury trial. 2. I am only going to enter judgment on claims that were actually tried. Lupin wants judgments of non-infringement on four claims that were included in the pretrial order; it does not want judgments of validity on them, however. (D.I. 267-1 at ¶¶3 & 5). The Court always encourages the parties to streamline the trial. While it would be better to do the streamlining before the pretrial conference, fine-tuning between the pretrial conference and the trial still serves a useful purpose, which the Court does not want to discourage. Both parties understood the four claims were no longer asserted. As a practical matter, the Court does not understand the point of the dispute,

1

since it is not arguable that the Plaintiff can assert those four claims (or any other claims in the patent) against Lupin either in this case or some other case involving the ANDA products. 3. The Court does not understand Lupin's position in regard to the third disputed issue. Lupin won on infringement. Lupin lost on invalidity. The judgment's language ought to, and does, reflect that.

**ViiV v. Teva**: 1. Teva stipulated to infringement under the Court's claim construction. The case between ViiV and Teva only concerned validity of the patent's asserted claims. Teva cannot back out of its stipulation simply because it would like to pursue an argument that Lupin successfully pursued on Lupin's facts (which may or may not be Teva's facts).[1] The Court did not change anything in its earlier claim construction. To the extent it offered further claim construction in the ViiV v. Lupin dispute, it was done in the context of an issue being litigated between ViiV and Lupin, and not between ViiV and Teva. 2. Teva also questions the Court's commercial success analysis. Assuming for the sake of argument that ViiV's two products are not the commercial embodiments of the asserted claims, such a finding would result in the conclusion that ViiV had not shown commercial success, as opposed to the Court's finding in the Opinion: "The Court finds that the commercial success of Epzicom and Trizivir is indicia of nonobviousness, although not as strong of an indication as would exist in the absence of the patent rights that Burroughs Wellcome held." (D.I. 257 at 63). In my opinion, even if Teva were right, I would still conclude that the totality of the analysis would lead to the conclusion that the Defendants had not shown by clear and convincing evidence that the inventions were obvious.

---

[1] The facts relating to Teva's proposed product were not at issue in the trial, and thus the Court cannot opine on them.

2

The Court will thus enter ViiV's proposed form of judgment, slightly modified.

*Richard G. Andrews*
United States District Judge
1/24/14